JOE CARTER, *Plaintiff in Error*, v. THE STATE OF FLORIDA, *Defendant in Error*.

Opinion Filed January 26, 1920.

A charge that defendant did fraudulently mark certain unmarked heifers of the property of R. H. Mickler with intent to claim the same and to prevent the identification thereof by the true owner, to-wit, the said R. H. Mickler, is not proved by testimony of the alleged owner that such heifers were not his property but were the property of himself and another as partnership property.

A Writ of Error to the Circuit Court for Leon County, E. C. Love, Judge.

Judgment reversed.

*W. C. Hodges* and *Fred H. Davis*, for Plaintiff in Error;

*Van C. Swearingen*, Attorney General, and *D. Stuart Gillis*, Assistant, for the State.

WEST, J.—The charge in this case is that plaintiff in error fraudulently marked certain unmarked heifers not his own with intent to claim the same and to prevent the identification of the same by the true owner thereof.

Upon a trial of the case he was convicted and sentenced by the court to serve a term of two years at hard labor in the State prison.

From this judgment he took writ of error from this court.

So much of the indictment as is material to this inquiry is in the following language:

"The Grand Jurors of the State of Florida, inquiring in and for the body of the County of Leon, upon their oaths do present that Joe Carter, late of the County of Leon aforesaid, in the Circuit and State aforesaid, laborer, on the 10th day of December, in the year of our Lord one thousand nine hundred and eighteen, with force and arms at and in the County of Leon aforesaid, did then and there fraudulently mark one unmarked heifer with the following mark; crop and swallow fork and underbit in right ear, crop and swallow fork in left ear; and one unmarked heifer, crop in right ear, swallow fork in left ear; one unmarked heifer, crop in right ear and crop and swallow fork in left ear, all of which said heifers being of the property, goods and chattels of one R. H. Mickler, and being of the value of fifty dollars each, he, the said Joe Carter then and there unlawfully marking the said unmarked heifers in the manner and form aforesaid with the intent to claim the same, and to prevent the identification of said heifers by the true owner thereof, to-wit, the said R. H. Mickler, against the form of the statute in such case made and provided."

In the trial the alleged owner of the heifers testified as follows: "The heifers were not marked when they got away from the place last year, but when the three in question here came back they were marked the way they are named in the indictment except one heifer that has been mis-described as to the way she was marked in the indictment. They were turned out into the pasture some time last Fall, and got away because the lake had gone out. I got them back about ten days ago. I do not own the cattle myself, but Earl Perkins and I own them to-

gether, as a partnership. These heifers were of the value of $50.00 each. They were under my care and control. They were unmarked when they disappeared from my pasture in Leon County, Florida, and were marked in Leon County Florida, and I recovered them in Leon County, Florida. The date of their disappearance was in the Fall of 1918, and I recovered them in April or May of the present year."

One of the grounds of the motion for a new trial which was made in the case, the denial of which is alleged as error, is that the verdict is contrary to the evidence.

There was error in overruling this motion. A charge that defendant did fraudulently mark certain unmarked heifers of the property of R. H. Mickler with intent to claim the same and to prevent the identification thereof by the true owner, to-wit, the said R. H. Mickler, is not proved by testimony of the alleged owner that such heifers were not his property but were the property of himself and another as partnership property. Calloway v. State, 7 Tex. App. 585; Mayes v. State, 33 Tex. 340.

Something is sought to be made of the statement of the witness that the heifers referred to were in his "care and control." This, however, is a meer conclusion. When he gives the facts in detail his evidence shows that they were not in his care and control.

There is a fatal variance between the allegations and the proof.

The judgment will be reversed.

BROWNE, C. J., AND TAYLOR, WHITFIELD AND ELLIS, J. J., concur.